

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2009

# Williams v. United States

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3932

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Williams v. United States" (2009). *2009 Decisions.* Paper 1568.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1568

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3932

SHIRLEY WILLIAMS,
Appellant

v.

UNITED STATES;
THE BOROUGH OF NATIONAL PARK

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-00834)
District Judge: Honorable Joseph H. Rodriguez

Submitted Under Third Circuit LAR 34.1(a)
on February 5, 2009

Before:  RENDELL and ROTH, <u>Circuit Judges</u>,
and PADOVA, District Judge.

(Filed: April 8, 2009)

OPINION OF THE COURT

RENDELL, <u>Circuit Judge</u>.

---

    *  Honorable John R. Padova, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

Appellant Shirley Williams owns and resides in a home in National Park, New Jersey that is adjacent to a site designed, owned, and maintained by the U.S. Army Corps of Engineers ("Corps of Engineers") for depositing materials occasionally dredged from the Delaware River. Williams filed suit against the United States and the local government alleging that the defendants were liable, on negligence and other theories, for flood damage to her home that began in 2003. The District Court dismissed Appellant's claims against the United States for lack of subject matter jurisdiction, and then dismissed her remaining claims against the local government after declining to exercise supplemental jurisdiction. For the reasons discussed below, we will AFFIRM.

## I. Background

One of the responsibilities of the Corps of Engineers is to develop and maintain the navigable waterways of the United States, and this includes the regular dredging of the Delaware River. In furtherance of this responsibility, the Corps of Engineers operates and maintains the National Park Contained Disposal Facility ("NPCDF") located in National Park, New Jersey. The NPCDF is undeveloped property with various channels and devices used to manage the drainage of water from dredging deposits left in the facility. The Corps of Engineers has operated the NPCDF since 1961, acquired title in 1971, and made improvements to the facility in the 1970s and 1980s. Dredged material is comprised mostly of water, and the Corps of Engineers uses disposal facilities, such as NPCDF to allow the material to dry over a period of years. The NPCDF has not been

2

used for the disposal of dredged materials since 2001.

Appellant built her home near the northeast corner of the NPCDF in 1976. From 1976 until 2003, she had no problems with regard to water infiltration. However, Appellant claims that, since 2003, she has experienced ongoing flooding in her basement and related moisture problems. The Corps of Engineers investigated the matter at her request, and performed certain work on the drainage ditch behind her house in 2003. When the flooding problem persisted, Appellant filed suit in 2006 against both the United States[1] and Borough of National Park.

Williams offered reports made by Horace Albert Reeves, Jr., a civil engineer and architect, ("Reeves Reports") as expert opinions on her behalf regarding the causes for the flooding. The United States moved to strike these reports, and for summary judgment on several grounds. The District Court granted the motion to strike the Reeves Reports pursuant to Fed. R. Civ. P. 702. After striking the reports, the Court concluded that Appellant failed to produce evidence to demonstrate that the Corps of Engineers' conduct was not immune from suit, and dismissed the claims against the United States for lack of subject matter jurisdiction. The Court then dismissed the remaining claims against the Borough of National Park after declining to exercise supplemental jurisdiction. In her brief, Appellant concentrates her arguments almost entirely on challenging the District

---

[1]Williams originally filed suit against the Corps of Engineers, but the District Court recharacterized the claim as one against the United States pursuant to a motion to amend under Fed. R. Civ. P. 15(a).

Court's order striking the Reeves Reports.

## II. Discussion

We have jurisdiction under 28 U.S.C. § 1291 over an appeal from an order dismissing a claim for lack of subject matter jurisdiction, and exercise plenary review. *See Taliaferro v. Darby Twp. Zoning Bd*, 458 F.3d 181, 188 (3d Cir. 2006). We review a District Court's order excluding expert testimony for abuse of discretion. *Flemming ex rel. Estate of Flemming v. Air Sunshine, Inc.*, 311 F.3d 282, 297 n.10 (3d Cir. 2002). We also review a District Court's exercise of supplemental jurisdiction for abuse of discretion. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003).

In exercising its "gatekeeper" role under *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the District Court granted a motion by Appellees to strike the Reeves Reports pursuant to Fed. R. Civ. P. 702. As a result of this decision, the Court did not consider the reports in deciding the key issue of whether the Corps of Engineers' alleged tortious conduct resulted from discretionary functions that were immune from suit. Prior to admitting an expert opinion, a district court must be satisfied that the proffered expert is qualified, and that his or her opinion is reliable. *Oddi v. Ford Motor Co.*, 234 F.3d 136, 145 (3d Cir. 2000). In assessing reliability, we have directed district courts to ask

> "(1) whether a method consists of a testable hypothesis; (2) whether the method has been subjected to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be

4

reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put."

*Id.* at 145 (quoting *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717 (3d Cir.1994)).

The District Court struck the Reeves Reports upon concluding that Appellant failed to establish both Reeves' qualifications and his methodology. We need look no further than Reeves' asserted methodology to conclude that the District Court acted within its discretion. Even assuming *arguendo* that Reeves was qualified to render an expert opinion regarding the design and maintenance of the NPCDF, his reports are replete with conclusory statements with no scientific method tying an alleged cause to an alleged effect. ( *E.g.* App. 233 ("The Army constructed the discharge piping at the tide gates too high to drain the site."; "The Army deviated from generally accepted standards in their failure to provide drainage to carry seepage water from the Disposal Site to a safe discharge point," with no reference to the allegedly applicable standards.)). Nowhere in the Reeves Reports can we discern a testable hypothesis to support his opinions, nor can we discern any standards governing Reeves' analysis. On this basis, we conclude that the District Court was well within its discretion to grant Appellees' motion to strike the Reeves Reports.

With the applicable record so limited by the exclusion of the Reeves Reports, we next consider the gravamen of this case; whether the United States is immune from tort liability. Section 2680 of Title 28 exempts the United States from claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or

5

duty on the part of a federal agency." 28 U.S.C. § 2680(a). The District Court dismissed Appellant's claims after concluding that the government was immune from liability for the conduct alleged. Appellant's brief contains but one page challenging the District Court's conclusion on this crucial issue.

The purpose of discretionary immunity is to "prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. Gaubert*, 499 U.S. 315, 323 (1991). Appellant raised three general theories of negligence in its claim against the United States; negligent design of the NPCDF, negligent violation of regulations in design, and negligent maintenance of the NPCDF. In determining whether the Corps of Engineers' actions in building, operating, and maintaining the NPCDF were protected as discretionary functions, the District Court correctly noted that, where a government policy established "by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324.

The District Court correctly concluded that Congress conferred discretion on the Corps of Engineers to maintain navigable waterways, and specifically the discretion to plan for and conduct dredging operations. *E.g.* 33 U.S.C. § 622 ("The Secretary of the Army, acting through the Chief of Engineers . . . , in carrying out projects for improvement of rivers and harbors . . . shall, by contract or otherwise, carry out such work in the manner most economical and advantageous to the United States."). We agree

6

with the District Court that, in light of this statutory grant of discretion, Appellants fail to raise any credible argument sufficient to defeat the presumption that the design of the NPCDF was not grounded in policy. Furthermore, Appellant alleges that the Corps of Engineers violated its own regulations in designing the NPCDF, but Appellant failed to produce any evidence as to specific procedures or engineering principles that were violated. We likewise agree with the District Court that Appellant failed to produce any evidence that would defeat the presumption that the Corps of Engineers' exercise of its statutory and regulatory responsibilities in maintaining the NPCDF was not also grounded in policy. For these reasons, we conclude that the District Court correctly determined that the United States was immune from Appellant's claims regarding the design and maintenance of the NPCDF.

Appellant also sought to characterize her claims in alternate terms that would arguably not be subject to discretionary immunity. We reject these claims for the same reasons relied on by the District Court. We note in particular that the flooding, even if caused by the Corps of Engineers, could not be deemed a taking. The result was not permanent, but was at best a consequential and incidental result of government activity. *See Miller v. United States*, 583 F.2d 857, 863-64 (6th Cir. 1978). We also note that the District Court had no jurisdiction over Appellant's claim under the Clean Water Act, as codified in 33 U.S.C. § 1365, because she failed to file the requisite notice. *See Public Interest Research Group of N.J. v. Windall*, 51 F.3d 1179, 1189 n.15 (3d Cir. 1995).

After dismissing all claims against the United States, the District Court also

7

dismissed Appellant's claims against the Borough of National Park.  The Court concluded that "the interests of judicial economy, convenience, or fairness to the litigants d[id] not warrant review" of the remaining claims in the federal forum.  (App. 25)  Section 1367 expressly provides that a district court "may decline to exercise supplemental jurisdiction over a" state claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).  Since we conclude that the District Court properly dismissed Appellant's claims against the United States, we cannot say that the Court abused its discretion in also dismissing her remaining claims against the Borough of National Park.

## III.  CONCLUSION

For the reasons set forth above, we will AFFIRM the Order of the District Court.

8